DECISION.
Defendant-appellant Mauhrece Riley appeals from his convictions for kidnapping, in violation of R.C. 2905.01(A)(4), with an accompanying three-year gun specification, and for possession of a firearm while under a disability, in violation of R.C. 2923.13(A)(3). In three assignments of error, he contests the weight and the sufficiency of the evidence adduced to support his kidnapping conviction, as well as contending that the trial court erred by imposing a sentence that did not comply with Ohio's felony-sentencing guidelines.
Sometime in the late evening of May 20, 2000, Tonya Smith encountered Riley at Shaker's Nightclub in the Cincinnati suburb of College Hill. Having been casually acquainted with each other for the last seven or eight years, the two engaged in friendly conversation.
Smith testified that Riley asked her for a ride home. She agreed, and they left the club together for Riley's residence. Once there, Smith testified, Riley's demeanor changed, and he became angry and physical with her. Specifically, Riley pushed Smith onto his bed and began to grope at her and to remove articles of her clothing. They struggled and Smith pushed Riley off of her. She emphatically stated her intent that the groping was to end.
Riley then went to his closet and retrieved a .380-caliber semi-automatic pistol. Even after Riley brandished the weapon, Smith refused his demand to have intercourse with him. Riley put down the gun and began arguing with her in the living room. Smith testified that Riley then went to the bedroom to retrieve the gun again to threaten her. Smith took this opportunity to escape.
Smith went to the District Four police station to report the incident. Two police officers escorted Smith back to Riley's apartment, where Smith identified him as her assailant. The officers asked for and were given consent to search the apartment for the handgun. The search produced the described handgun as well as ammunition.
Riley testified that Smith had asked to go home with him. Upon arriving at the apartment, the two engaged in casual conversation about their respective professions. According to Riley, he excused himself to go to the bathroom, and, upon his return, Smith was sitting on the bed. Riley maintained that, at this point, Smith stated that she did not have sexual relations "for free." Riley testified that he then asked Smith to leave his home. According to Riley, Smith eventually left without further incident. Riley denied threatening her with the pistol and claimed that the firearm belonged to his cousin, who, unbeknownst to him, had brought the gun into Riley's home while he was away for two weeks.
The jury returned verdicts of guilty on both charged offenses. The trial court sentenced Riley to consecutive prison terms of four years for kidnapping, three years for the gun specification, and one year for possession of a weapon while under a disability.
In two interrelated assignments of error, Riley contends that the evidence was insufficient to support the conviction for kidnapping, and that the conviction was against the manifest weight of the evidence.
Our review of the record fails to persuade us that, in resolving conflicts in the testimony, the jury clearly lost its way and created such a manifest miscarriage of justice that the convictions must be reversed and a new trial ordered. See State v. Thompkins (1997),78 Ohio St.3d 380, 387, 678 N.E.2d 541, 546-547; see, also, State v.DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus. Moreover, the record contains substantial, credible evidence from which to conclude that the state had proved all elements of the charged crimes beyond a reasonable doubt, including evidence that Riley had used a firearm to restrict Smith's liberty for the purpose of engaging in sexual activity. See State v. Waddy (1991), 63 Ohio St.3d 424,588 N.E.2d 819, certiorari denied (1992), 506 U.S. 921, 113 S.Ct. 338. The first and second assignments of error are overruled.
In his third assignment of error, Riley contends that the trial court erred in imposing the maximum prison term for the possession-under-disability conviction, a fifth-degree felony, and in making it consecutive to the prison term for kidnapping.
Riley first claims that the trial court did not make the findings required to impose the maximum term of imprisonment for the disability conviction. Riley, however, is not entitled to appeal, nor are we permitted to review, the prison term imposed for this fifth-degree felony. R.C. 2953.08(A)(2) provides that a defendant may not appeal a prison term imposed for a fourth- or fifth-degree felony, or for a felony drug offense, if the trial court specifies that it has found one or more of the factors in R.C. 2929.13(B)(1)(a) through (i) to be applicable. Because the trial court identified that Riley had previously served a prison term, see R.C. 2929.13(B)(1)(g), and did not impose the maximum sentence for the kidnapping, the offense of higher degree, see R.C.2953.08(A)(1)(b), review of the disability sentence is precluded. SeeState v. Edwards (Dec. 17, 1999), Hamilton App. No. C-990107, unreported.
Next, Riley contests the trial court's imposition of consecutive sentences pursuant to R.C. 2929.14(E). See R.C. 2953.08(A)(4). A trial court may order multiple sentences to run consecutively where the court finds that the consecutive sentences are necessary to protect the public from future crime or to punish the offender, and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger that he poses to the public. See R.C. 2929.14. Additionally, the court must find at least one of the following: (1) the offender was awaiting trial or sentencing on another offense, was under community control, or was under post-release control for a prior offense, (2) the harm caused was great or unusual and that no single prison term would adequately reflect the seriousness of the offender's conduct, or (3) the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from further crime by him. When imposing consecutive sentences, the trial court must, pursuant to R.C. 2929.19(B)(2), make these findings and provide its reasons for imposing consecutive sentences.
The trial court made the required findings and gave reasons that supported those findings, first noting that a mandatory sentence was required for the gun specification. See State v. Edmondson (1999),86 Ohio St.3d 324, 328, 715 N.E.2d 131, 135. The court then noted on its sentencing worksheet and stated at the sentencing hearing that Riley's criminal history demonstrated a need to protect the public, identifying Riley's previous firearms and violent-crime convictions to justify the imposition of consecutive sentences. Riley's claim that the trial court's findings and reasons were insufficient to impose consecutive sentences is simply not supported by the record. See R.C. 2953.08(G)(2)(a). The third assignment of error is overruled.
Therefore, the judgment of the trial court is affirmed.
Judgment affirmed.
Gorman, P.J., Doan and Sundermann, JJ.